UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL BURR, | Case No. C19-949RSM |
| Plaintiff, | ORDER RE: MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| EVERGREEN PROFESSIONAL RECOVERIES, INC., | |
| Defendant. | |

This matter comes before the Court on the parties' Motions for Summary Judgment. Dkts. #10 and #11. For the reasons stated below, the Court GRANTS IN PART Plaintiff Angel Burr's Motion for Partial Summary Judgment and GRANTS IN PART AND DENIES IN PART Defendant Evergreen Professional Recoveries, Inc. ("Evergreen")'s Motion.

**I.    BACKGROUND**

Defendant Evergreen filed a consumer debt-collection lawsuit in Pierce County District Court against Plaintiff Angel Burr (at that time Angel McClure) for alleged medical debts. These debts were recorded in 23 "accounts," ranging from $9.17 to $1,097.69, for medical services provided by Group Health Cooperative and/or Kaiser Permanente. Dkt. #11-2 at 8-11.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 1

The parties settled the lawsuit on April 18, 2017, and Defendant Evergreen now admits that the underlying debts are no longer owed. *See* Dkt. #11-2 at 12–14, Dkt. #10-2 at 5–6.

In December of 2018, Ms. Burr reviewed her credit reports and discovered that Evergreen was still issuing negative reporting related to these settled debts. Dkt. #10-1 ("Burr Decl.") at ¶¶ 2–3. Specifically, EPR reported that Ms. Burr owed $690 under account number 6007494, and that she owed $667 under account number 6577778. *Id*. Evergreen reported the debts numerous times over the course of nine months.

Ms. Burr sent a letter to Evergreen noting that the accounts had been resolved, asking that Evergreen "delete these entries immediately," attaching the April 2017 settlement agreement as proof for her request. *See id.* at ¶¶ 5-6; Dkt #11-2 at 35. The letter was dated December 27, 2018, but mysteriously postmarked in February of 2019. Dkt. #11-2 at 34–35.

Evergreen says its staff "deleted our reporting for the 494 and 778 Accounts" in February in response to Ms. Burr's letter. Dkt. #11-2 at 4. Evergreen then responded to the letter on March 13, 2019, assuring Ms. Burr that it had corrected the error. *Id.* at 36. However, two days later Evergreen "erroneously re-reported the 494 and 778 Accounts." *Id.* at 5. This was because Evergreen "reassigned the 494 and 778 Accounts to a different desk"—Evergreen admits this error. Dkt. #11 at 5. Evergreen continued to report both accounts, affecting Ms. Burr's credit, for several months. Burr Declaration at ¶ 7; Dkt. #10-2 at 16–17.

Evergreen was given notice of this lawsuit on May 14, 2019, ten days before it deleted the false reporting. *See* Dkt. #10-2 at 16–17 and 21. It was this May contact—including the threat of legal action—that finally led Evergreen to correct the reporting, including "cod[ing] these accounts so they could never again be reported to the credit reporting agencies." Dkt. #11-2 at 5.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 2

This lawsuit was filed in King County Superior Court on May 21, 2019, and later removed to this Court. Dkt. #1-2. Ms. Burr brings claims against Evergreen under the Fair Debt Collection Practices Act ("FDCPA") the Washington Collection Agency Act ("WCAA"), Washington's Consumer Protection Act ("CPA"), and for breach of contract.

Ms. Burr's now moves for partial summary judgment on liability under the FDCPA and WCAA. Dkt. #10. Ms. Burr does not move for the Court to determine damages at this time. Evergreen moves for summary judgment dismissal of all of Ms. Burr's claims, arguing, *inter alia*, that "its inadvertent inclusion of the 494 and 778 Accounts in its credit reporting was not a material violation of the FDCPA" and that it is entitled to the bona fide error defense. Dkt. #11 at 2. Evergreen also argues that it did not violate the WCAA by attempting to collect on the debts at issue and that its actions did not breach the 2017 settlement agreement.

## II.   DISCUSSION

### A.  Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S.*

*Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Analysis

The Fair Debt Collection Practices Act was enacted to protect consumers from improper or abusive debt collection efforts. 15 U.S.C. § 1692. The FDCPA is a strict-liability statute which "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *see also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). The FDCPA is a remedial statute construed liberally in favor of the consumer. *Tourgeman v. Collins Fin. Servs, Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("we wish to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors."). Section 1692e prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Section 1692e(8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false…"

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 4

There is no meaningful dispute that Evergreen is a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6); Dkt. #10 at 5; Dkt. #11 at 2. The Court finds that Evergreen's reporting of Ms. Burr's debts was connected to its prior attempts to collect on that debt for purposes of satisfying § 1692e.

Evergreen's own admissions show that it erroneously reported a debt known to be false. This alone can lead to liability under § 1692e, and the Court need not consider other sources of liability under the FDCPA. The fact that Evergreen continued to report the debt multiple times for months after Ms. Burr sent it a copy of the settlement agreement is significant and makes this a material breach of the FDCPA in the eyes of the Court. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014) (materially false statements are those that could "cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort."). Evergreen argues that the breach was not material because other debts may have also negatively affected Ms. Burr's credit score and because she has "provided no evidence… that her FICO score would have arisen above a substandard score but for the erroneous reporting of the 494 and 778 accounts." Dkt. # 11 at 7–8. Ms. Burr's difficulties with other creditors does not reduce the harm caused by Evergreen to her credit score, however small, nor does Evergreen establish that a significant change in credit score is required for materiality. Evergreen's error disadvantaged Ms. Burr by requiring her to make multiple efforts to correct the reporting.

The Court's analysis thus turns to the bona fide error defense, an affirmative defense claimed by Evergreen. Under 15 U.S.C. § 1692k(c), a defendant asserting "bona fide error" bears the burden of establishing that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 5

the violation. *McCollough*, 637 F.3d at 948 (citation omitted). As to the third element: "If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error." *Reichert*, 531 F.3d at 1007 (citation omitted).

The Court has reviewed the briefing of the parties and the declaration of Evergreen president Monica Severtsen and finds there is no evidence for a reasonable juror to conclude that Evergreen maintained a specific procedure adapted to avoid the initial reporting error. Instead, there is only evidence that Evergreen has a system of coding accounts as disputed or paid off. *See* Dkt. #11-1. There is no evidence that Evergreen has procedures to double check coding before it is implemented, or to audit the coding after it has been completed. Evergreen has also failed to present evidence of a procedure adapted to avoid the second error, which occurred when the accounts changed "desks" and were "re-reported." Accordingly, the Court finds Evergreen liable for violation of the FDCPA.

Evergreen's actions did not violate the WCAA. RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts not authorized by law. There is no evidence that Evergreen collected or attempted to collect on these debts; only that Evergreen reported the debts to credit agencies. Ms. Burr argues that "false reporting of a debt on a consumer's credit report may prompt her to pay out of fear or confusion," Dkt. #13 at 14, but this does not on its own transform Evergreen's erroneous reporting into the more serious error of actively attempting to collect on the debt. Ms. Burr's CPA claim is based solely on a violation of the

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 6

WCAA. *See* Dkt. #13 at 15–16. Accordingly, Ms. Burr's WCAA and CPA claims will be dismissed.

The Court agrees with Evergreen that its actions did not breach the settlement agreement, which stated that Evergreen would not collect on the debts at issue but made no mention of credit reporting. Dkt. #11-2 at 12–14. This claim too is properly dismissed on summary judgment.

### III. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff Burr's Motion for Partial Summary Judgment, Dkt. #10, is GRANTED IN PART. Defendant is liable under the FDCPA as stated above. The amount of damages remains an issue for trial.

2) Defendant Evergreen's Motion for Summary Judgment, Dkt. #11, is GRANTED IN PART AND DENIED IN PART. Plaintiff Burr's claims under the WCAA, CPA, and for breach of contract are DISMISSED.

DATED this 24th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 7